IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AARON MICHAEL SHEETS                                                        PLAINTIFF

v.                         Civil No. 5:24-cv-05073-PKH-CDC

DETECTIVE JOHN MACKEY, Fayetteville
Police Department; DETECTIVE GUILLERMO
SANCHEZ, Fourth Judicial Drug Task Force;
DETECTIVE MORGAN ABERNATHY,
Fourth Judicial Drug Task Force; and
DETECTIVE JOSH COOKINGHAM,
Benton County Drug Task Force                                               DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Aaron Michael Sheets, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P.K. Holmes III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

Plaintiff filed his original Complaint and Application to proceed *in forma pauperis* ("IFP") on March 27, 2024. (ECF Nos. 1, 2). The Court granted Plaintiff IFP status on the same day. (ECF No. 3). Plaintiff is currently incarcerated in the Washington County Detention Center ("WCDC") in Fayetteville, Arkansas.

In his Complaint, Plaintiff asserts seven claims against four Defendants. All of Plaintiff's

claims arose from his February 17, 2023 arrest in Washington County, Arkansas. (ECF No. 1). Plaintiff specifically names as Defendants: John Mackey, Detective of Fourth Judicial Drug Task Force in Washington County; Guillermo Sanchez, Detective of Fourth Judicial Drug Task Force in Washington County; Morgan Abernathy, Detective of Fourth Judicial Drug Task Force in Washington County; and Josh Cookingham, Detective of Benton County Drug Task Force. (ECF No. 1, p. 2-3). Plaintiff asserts all seven of his claims against all four Defendants in both their individual and official capacities. (ECF No. 1).

In Claim One, Plaintiff alleges his Fourth and Eighth Amendment rights were violated on February 17, 2023, when Defendants Mackey, Cookingham, Sanchez, and Abernathy searched the home he was inside and arrested him without a warrant. *Id.* at 5. Plaintiff admits he was a parolee on February 17, 2023, with a search warrant waiver on file for his registered parole address of 18218 Clearwater Road, Fayetteville, Arkansas. Plaintiff points out, however, that the home he was inside, and which Defendants searched, had an address of 40974 Hwy 23, Huntsville, Arkansas (hereinafter "Highway 23 Home"). Plaintiff was an overnight guest at the Highway 23 Home and was not in violation of any parole requirements. According to Plaintiff, Defendants did not knock or gain consent to enter the Highway 23 Home. Plaintiff was subsequently arrested. *Id.*

In Claim Two Plaintiff alleges his Fourth and Eighth Amendment rights were violated when all Defendants illegally searched the Highway 23 home and arrested him on February 17, 2023. (ECF No. 1, p. 7). It is observed the Claim Two assertions are like those alleged in Claim One. *Id.* at 8.

In Claim Three, Plaintiff alleges all Defendants violated his Fourteenth Amendment rights by falsely arresting him on February 17, 2023. (ECF No. 1, p. 9). Plaintiff claims his arrest on

February 17, 2023, lead to a parole violation. Plaintiff claims Defendants had no probable cause to arrest him, and the State eventually dropped all charges against him related to the arrest on February 17, 2023. Plaintiff says that his parole violation sentence of ninety (90) days was already served by the time the charges were dropped. *Id.* at 11. With respect to Claim Three, Plaintiff asserts that:

> The parole violation that the plaintiff received after the arrest had three reasons for the arrest:
> 1) A CI [confidential informant] had given a tip that the plaintiff had just returned from California with a load of drugs and that there were guns in the house;
> 2) That there had been suspicious drug activity at the Plaintiff's residence; and
> 3) That the Plaintiff had missed an office visit.

*Id.* Plaintiff contends there is no proof a confidential informant bought drugs from Plaintiff at "that house;" that he had neither possession nor constructive possession of the contraband found at the Highway 23 Home; that he had no contraband or large amounts of money on him when arrested; that the contraband seized was in a back room with an unnamed individual; and that Plaintiff was not in this room. Plaintiff asserts Defendants had no probable cause to arrest him, and the "State dropped the charges on the plaintiff before his 90-day parole violation was done." Plaintiff believes this proves his arrest to have been unlawful. *Id.*

In Claim Four, Plaintiff alleges Defendants stole his vehicle on February 17, 2023, during his arrest. Defendants apparently pulled over Plaintiff's vehicle in the driveway of the Highway 23 Home; at this time, Plaintiff was not driving the vehicle but was instead inside the home. The car was seized and taken to a facility to be searched. Two bags of methamphetamines were found in the vehicle, and Defendants claimed the methamphetamine was Plaintiff's. After Plaintiff's arrest, the vehicle was impounded and then repossessed by the lien holder. *Id.* at 13-14.

In Claim Five, Plaintiff claims Defendants committed a "conspiracy" against him. *Id.* at

3

15. Plaintiff does not cite to any constitutional Amendments or other laws he believes these actions violated. *Id.* at 15-16. Plaintiff specifically alleges:

> Defendants Mackey and Cookingham claimed to have checked with the plaintiff's parole officer as to what the plaintiff's registered parole address was. The parole office provided 18218 Clear Water Rd. Fayetteville Arkansas. The parole office also provided that the plaintiff had recently seen his parole officer and told his parole officer that he was looking for a place to live in Huntsville but provided no address. The parole office also verified that the plaintiff came in to see his parole officer on 12-1-22 and his next office visit isn't until 12-1-23. The officers also claimed that they were conducting a parole search for three reasons: 1) A CI had told them that the plaintiff has just returned from California with a load of drugs and that there were guns in the house; 2) There was suspicious drug activity at the plaintiff's address and; 3) the plaintiff missed an office visit. The plaintiff was on annual supervision, failed no drug tests, was current on all fines and fees, and had no warrant for any parole violation. Det. Sanchez, and Det. Abernathy also have the choice to verify information obtained for any arrest they are a part of. They did not check the information that was given to them. Therefore all the officer's acted and conspired to go to a private home, enter it without a warrant, and arrest the plaintiff for whatever they found . . ..

(ECF No. 1, p. 16) (errors in original).

In Claim Six, Plaintiff claims Defendant Mackey lied on the parole violation report by claiming the three stated reasons for his arrest (as listed above in Claim Five) were true and correct. *Id.* at 19. Plaintiff admits he flew to California to pick up his vehicle and drove it back to Arkansas. Defendants Cookingham and Mackey claimed they were "pinging" Plaintiff's phone on his drive home from Oklahoma in the vehicle that was later impounded. Finally, Defendant Abernathy told booking officers that Maddison County was the arresting agency. Plaintiff claims all of this is false; however, as with Claim Five, Plaintiff does not identify what constitutionally protected rights these actions violated.

In Claim Seven, Plaintiff alleges Defendants also violated his due process rights under Amendments Five, Six, Fourteen, and Eight, specifically claiming:

> When the plaintiff was arrested and taken to the Washington County Detention Center, he was given a $100,000.00 bond and a court date of April 17, 2023, out of Maddison County

4

>Circuit Court. The Plaintiff had to serve a 90-day parole violation. The Plaintiff was never taken to court because the prosecutor did not press charges. So at the end of the 90 day parole violation the Plaintiff was released with no holds or pending charges. Due to this the Plaintiff was denied the right for due process to challenge the arrest and bring to light the facts of the arrest. The Plaintiff was also denied anyway to file a fast and speedy trial. The plaintiff has no pending state charges and wishes to prove his innocence in court.

(ECF No. 1, p. 20).

Plaintiff seeks compensatory and punitive damages for emotional distress and intentional infliction of emotional distress. *Id*. at 21. Plaintiff also requests Defendants be fired from their positions and found guilty of criminal charges regarding their actions towards Plaintiff.

## II.   APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009

5

(8th Cir. 1999). Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Lastly, Defendants must have been personally involved and caused the violation alleged. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

In screening Plaintiff's Complaint pursuant to the PLRA, the Court first considers Plaintiff's Claims Three, Five, Six, and Seven. While listed separately and based on different legal premises, these four claims are all challenges to Plaintiff's arrest, parole revocation, and imprisonment. These claims must be dismissed for reasons stated below. The undersigned then turns to Plaintiff's Claims One and Two – alleging illegal search and seizure - are cognizable

claims under Section 1983 and should survive for service. The Court then addresses the failure of Plaintiff's Claim Four (all Eighth Amendment violation claims) and his requests for criminal charges against Defendants. Finally, the Court explains how Plaintiff's Complaint fails to state any cognizable official capacity claims.

### A. Habeas

Plaintiff's Claims Three, Five, Six, and Seven center around his allegations that he was illegally arrested prompting an improper parole violation charge and incarceration. (ECF No. 1, pp. 11, 16, 19, 20). These are all challenges to the validity of Plaintiff's detention. Plaintiff may not use Section 1983 as a substitute for *habeas* relief, instead, he must pursue such claims through the proper avenue of 28 U.S.C. § 2254. *See e.g., Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence.") (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)).[1]

### B. *Heck v. Humphrey*

Additionally, claims seeking compensation for criminal convictions or imprisonment are barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* applies to parole decisions, due process claims, and speedy

---

1 The Court notes Plaintiff alleges in Claim Seven that he was released after ninety days without any charges filed against him for his February 17, 2023 arrest. However, according to Plaintiff's current address of record with the Court, he is still incarcerated in the Washington County Detention Center. Therefore, it is unclear if Plaintiff is still incarcerated for any charges or parole revocations asserted in his Complaint. For this reason, the Court notes this *habeas* analysis.

trial claims when such claims will undermine the Plaintiff's underlying criminal conviction. *See e.g., Newmy v. Johnson,* 758 F.3d 1008 (8th Cir. 2014) (upholding the bar of a Section 1983 claim against a parole officer for falsely reporting a failure to report which resulted in the plaintiff's parole being revoked); *Lewis v. Sutton*, Civil No. 6:20-cv-6062, 2020 WL 6298076 (W.D. Ark. Oct. 27, 2020) (holding Fourteenth Amendment due process claims are barred without allegations to satisfy *Heck* requirements); *Scott v. Coleman,* 493 Fed.Appx. 810, 2012 WL 5233519, at *1 (8th Cir. Oct. 23, 2023) (affirming district court's dismissal of the plaintiff's due process claim concerning his disciplinary proceedings being *Heck* barred); *Smith v. Norris*, 40 F.App'x 305 (8th Cir. 2002) (unpublished) (holding *Heck* barred the plaintiff's claims for miscalculation of his parole eligibility); *House v. Campion*, Civil Case No. 08-2917, 2009 WL 1850874, at *7 (D. Minn. June 25, 2009) (explaining that the only remedy for the denial of a speedy trial is dismissal of the criminal charge or conviction, therefore, success on any such claim would undermine the original conviction) (internal citations omitted).

Here, Plaintiff's Claims Three, Five, Six, and Seven are barred by *Heck* as he is plainly challenging his arrest and resulting parole revocation. Plaintiff notably states he wishes to "prove his innocence" in Claim Seven. (ECF No. 1, p. 20). Plaintiff's Complaint fails, however, to allege or illustrate that his parole revocation was invalidated by the State of Arkansas prior to the filing of this lawsuit.[2] Accordingly, Plaintiff's claims Three, Five, Six, and Seven should be dismissed

---

2 The Court again notes Plaintiff's reference to being released in Claim Seven. Even if Plaintiff was previously released for the arrest and parole revocation at issue (being currently incarcerated for an unrelated issue), *Heck* still bars his Claims Three, Five, Six, and Seven. *See Newmy,* 758 F.3d 1009-1011 (explaining *Heck* barred the plaintiff's civil action against his parole officer for a false report resulting in the plaintiff's imprisonment even though *habeas* relief was not available since the plaintiff was already released from prison).

pursuant to *Heck*, 512 U.S. at 486-87.[3]

### C. Exceptions to *Heck*

*Heck* is not a complete bar to claims such as illegal search and seizures even when evidence was obtained in the challenged search or seizure. In footnote seven, the Supreme Court in *Heck* explained that a damages action for an illegal search does not necessarily imply the invalidity of a conviction due to doctrines such as independent source, inevitable discovery, and harmless error. *Heck*, 512 U.S at 487, n. 7. "In order to recover compensatory damages, however, the [Section] 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned)." *Id.* (emphasis in original). The Eighth Circuit has interpreted this footnote to create a general exception from *Heck* for Fourth Amendment search and seizure claims. *See e.g., Cooney v. Arkansas*, 2022 WL 288143 (8th Cir. 2022) (unpublished) (the plaintiff's Section 1983 illegal search claim was not *Heck*-barred because his lack of probable cause argument did not necessarily call into question the validity of his state court conviction); *Moore v. Inman*, 210 Fed. Appx. 550 (8th Cir. 2006) (plaintiff's Section 1983 claim for illegal search of his vehicle was not categorically barred by *Heck* because of doctrines such as independent source, inevitable discovery, and harmless error); *Collins v. Bruns*, 195 Fed.Appx. 553 (8th Cir. 2006) (finding the district court erred in holding the plaintiff's defective-search-warrant claim was categorically barred by *Heck*); *Whitmore v. Harrington*, 204 F.3d 784,

---

[3] Plaintiff also lists the Fifth Amendment under his Claim Seven. While the Fifth Amendment does include a due process clause, it applies to federal actors. U.S. Const. amend. V. All Defendants named here are state or county employees. The Court did consider Plaintiff's due process claims under the Fourteenth Amendment as he also alleged and determined, as explained above, they are barred by *Heck*.

9

785 (8th Cir. 2000) (holding the district court erred in dismissing the plaintiff's unlawful-investigative-stop claim as barred by *Heck* because "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the [Section] 1983 plaintiff's still-outstanding conviction.") (internal citations omitted). *See also, Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996) (acknowledging the general exception to Section 1983 claims based on Fourth Amendment search and seizure violations enumerated in footnote seven of *Heck* and extending it to Section 1983 claims based on Fifth Amendment coerced confession claims).

Here, Plaintiff alleges, in Claims One and Two, that Defendants violated his Fourth Amendment rights when they executed an illegal search and seizure on February 17, 2023, which caused him emotional distress. (ECF No. 1, pp. 4-8, 21). This allegation is sufficient to meet the exception of *Heck* and, at this juncture, states a claim upon which relief may be granted.

Accordingly, Plaintiff's Claims One and Two should survive for service.

### D. Theft of Property

Plaintiff's allegations in Claim Four, relating to the theft of his vehicle by Defendants, fails to state a cognizable claim under Section 1983. Plaintiff has adequate post-deprivation remedies in the Arkansas state courts to regain his property. *See Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where a distinct act of dominion is exerted over property in denial of owner's right). Plaintiff's allegations, therefore, do not rise to the level of a constitutional violation and should be dismissed. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available under state law); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.

1994) (negligent or intentional deprivation of prisoner's property fails to state a claim under § 1983 if state had adequate post-deprivation remedy).

### E.   Eighth Amendment

Plaintiff identifies the Eighth Amendment's prohibition on cruel and unusual punishment as one of the constitutional violations suffered with respect to Claims One and Two regarding Plaintiff's illegal search and seizure claims. (ECF No. 1, pp. 4, 7).   The Eighth Amendment does provide the Plaintiff protection from unnecessary and wanton infliction of pain at the hands of correctional officers, *see Jones v. Shields,* 207 F.3d 491 (8th Cir. 2000), but Plaintiff did not allege any facts in his Complaint to support a cruel and unusual punishment claim. (ECF No. 1). Accordingly, Plaintiff's Eighth Amendment claims within Claims One and Two should be dismissed.

### F.   Criminal Charges

Plaintiff's requests the Court pursue criminal charges against Defendants for their actions. To the extent that Plaintiff is requesting that the court conduct its own investigation into the constitutionality of the Defendants' search and seizure of the Highway 23 Home on February 17, 2023, Plaintiff misapprehends the role of the federal courts. Article III of the United States Constitution only allows federal courts to consider actual, ongoing cases or controversies. *Preiser*, 422 U.S. at 401. ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy.").   The federal district courts have no authority to exceed its limited powers by, for example, conducting its own investigations.   Accordingly, the Court cannot investigate and charge Defendants with criminal charges based on the complained of actions in Plaintiff's Complaint, and such a request must be denied.

### G. Official Capacity Claims

Finally, Plaintiff has failed to state any cognizable official capacity claims against Defendants. Under Section 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.*

Here, Plaintiff has failed to allege any policy or custom of Washington County that violated his constitutional rights. Accordingly, Plaintiff has failed to state any cognizable official capacity claims.

### IV. CONCLUSION

For these reasons, it is recommended:

(1)     Plaintiff's Claims Three, Four, Five, Six, and Seven be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2)     All of Plaintiff's official capacity claims be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and

(3)     Plaintiff's Claims One and Two against all Defendants in their individual capacities, except for the Eighth Amendment allegations, should proceed for service and further litigation and the Eighth Amendment allegations within Claims One and Two be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The parties have fourteen (14) days from receipt of the Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**Referral Status: Remain referred.**

**RECOMMENDED** this 6th day of May 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE