IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**AARON MICHAEL SHEETS**                                                                                   **PLAINTIFF**

**V.**                              **CASE NO. 5:24-CV-5073**

**DETECTIVE JOHN MACKEY;**
**DETECTIVE GUILLERMO SANCHEZ;**
**DETECTIVE MORGAN ABERNATHY;**
**and DETECTIVE JOSH COOKINHAM**                                                         **DEFENDANTS**

## ORDER

Now pending before the Court is the Report and Recommendation ("R&R") (Doc. 69) filed on July 3, 2025, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. The original deadline to file objections was July 21. No objections were filed by that date, so on July 22, the Court entered an Order (Doc. 70) adopting the R&R, granting Defendants' Motion for Summary Judgment (Doc. 50), and dismissing the case.

On July 28, Plaintiff filed a Motion to Request Additional Time to Respond to the Report and Recommendation. (Doc. 72). He explained that he needed an additional thirty days "to research," to "purchase the appropriate amount of stamps that will be needed to mail the response in," and to "try to understand how to proceed." *Id.* On August 6, the Court granted Plaintiff's request, vacated the Judgment, and reopened the case. However, the Order granting the extension stated: "[T]he Court cautions Plaintiff that any such objections he wishes to file MUST BE RECEIVED BY THE COURT by no later than SEPTEMBER 5, 2025." (Doc. 73)

Plaintiff failed to file objections on September 5. Instead, Plaintiff filed a second request for another thirty days to file objections. *See* Doc. 74. Plaintiff contends that he

1

did not have sufficient access to the law library over the past thirty days due to "staffing reductions and shortages of the BOP as a whole and specifically at FCI Forrest City," where he is housed. *Id.* at p. 2.

A party must show good cause to warrant an extension of time to object. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990). "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (citation modified). The Court finds that Plaintiff's second motion for an extension of time fails to demonstrate that he diligently tried to meet the Court's September 5 deadline. Plaintiff has now had a total of forty-five days to prepare objections and was already warned that no further extensions would be granted. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) (finding no abuse of discretion in denying second motion for extension of time where court warned no further extensions would be granted). "Even pro se litigants must comply with court rules and directives." *Id.* Plaintiff contends that his access to the prison law library was somehow limited, but he fails to offer any details. Further, he does not claim he had *no access* to the library for the past forty-five days. Accordingly, Plaintiff's second Motion to Extend Deadline (Doc. 74) fails to establish good cause for a further extension and is **DENIED**.

Despite the fact that no objections were filed, the Court has undertaken a *de novo* review of the entire record. The Court finds that the Magistrate Judge's thirty-seven-page R&R is extremely thorough and well-reasoned. Her analysis of the issues on summary judgment is correct and is **ADOPTED IN FULL**.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. 50) is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** on this **8th** day of September 2025.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3